# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERWIN JONES,

          Plaintiff,

      -vs-                                  Case No. 13-CV-505

STEPHANIE GWYNN,
JAMES FITZGERALD,
MIKE GRAVELY,
REBECCA MATOSKA-MENTINK,
JUDGE CHAD GREGORY KERKMAN,
and ROBERT ZAPF,

          Defendants.

## SCREENING ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* and to screen the amended complaint. The plaintiff has been assessed and paid an initial partial filing fee of $9.85.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at Racine Correctional Institution. The defendants are: Stephanie Gwynn, Kenosha County Deputy Clerk; James Fitzgerald, Kenosha County Family Court Commissioner; Mike Gravely, Kenosha County Deputy District Attorney;

3

Rebecca Matoska-Mentink, Kenosha County Clerk of Court; Chad Gregory Kerkman, Kenosha County Circuit Court Judge; and Robert Zapf, Kenosha County District Attorney.

According to the amended complaint, the plaintiff alleges "criminal action and conspiracy" against the defendants based on their actions taken to forge a criminal complaint for his 1998 Kenosha County conviction for first-degree sexual assault while armed and child enticement while armed. Although defendant Gravely prepared a criminal complaint on December 3, 1998 based on the charges, the complaint was never signed by the complaining officer, district attorney, or court commissioner, and the district attorney never filed the criminal complaint with the clerk's office or served upon the court. The plaintiff was convicted of the charges following a jury trial and he was through "many appeals." (Am. Compl. ¶ 9.) At some point, he discovered that a criminal complaint was never signed or filed and he contacted the Kenosha County Clerk of Court. It is at this time that the plaintiff alleges the defendants conspired to forge a criminal complaint.

Specifically, the plaintiff alleges that defendant Gravely was the main participant in the conspiracy, defendants Fitzgerald and Kerkman forged their names on the criminal complaint, defendant Matoska-Mentink provided access to blank criminal complaints, defendant Gwynn gave other conspirators a copy of the original blank complaint to forge, and defendant Zapf sent the plaintiff a letter containing lies and threats to cover-up the defendants' misconduct. The plaintiff claims that the defendants' action violated his constitutional rights and that the forged criminal complaint resulted in the plaintiff's

4

continued incarceration. The plaintiff seeks declaratory and injunctive relief, as well and compensatory and punitive damages.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 plaintiff may not proceed with a claim for money damages, if a favorable ruling "would necessarily imply the invalidity of his conviction or sentence" unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Here, judgment in the plaintiff's favor would imply the invalidity of his conviction. *See State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302 (Ct. App.1994); *see also* Wis. Stat. § 968.02(2) ("After a complaint has been issued, it shall be filed with a judge and either a warrant or summons shall be issued or the complaint shall be dismissed, pursuant to [Wis. Stat. § ] 968.03. Such filing commences the action.").

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to use

5

release account (Docket #9) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #10) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $340.15 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the

6

institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2013.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**